**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CONTINENTAL GENERAL INSURANCE
COMPANY,

                Plaintiff,

    v.

CAROL GARDINA and GEORGE GARDINA,

                Defendants.

Case No.: 6:23-cv-02149-PGB-DCI
Judge Paul G. Byron
Magistrate Judge Daniel C. Irick

## <u>PLAINTIFF CONTINENTAL GENERAL INSURANCE COMPANY'S SHORT-FORM DISCOVERY MOTION</u>

Plaintiff Continental General Insurance Company ("Plaintiff") respectfully moves to compel Defendants Carol Gardina and George Gardina to serve supplemented responses to various discovery requests served by Plaintiff, as well as compel substantive responses to interrogatories seeking the financial institutions in which they maintain accounts and the production of certain tax records.

1.     On December 20, 2023, Plaintiff served its First Set of Interrogatories and First Set of Requests for Production on Carol Gardina and George Gardina, respectively.  *See* Exhibits A-D, attached hereto.

2.     On January 29, 2024, the Gardinas provided their written responses and an initial production of documents.  The Gardinas continued to periodically supplement their document response thereafter.  *See* Exhibits E-H, attached hereto.

3.    On July 3, 2024, Plaintiff sent Defendants an 18-page letter outlining the various deficiencies with Defendants' responses to Plaintiff's interrogatories and requests for production of documents.  *See* Exhibit I.

4.    On October 25, 2024, after multiple requests by Plaintiff, the Parties conferred via telephone.

5.    Defendants' counsel agreed that Carol Gardina would amend her responses to Interrogatory Nos. 2, 8, 9, 17, 21 and Requests for Production 2, 3, 11, and 17 with the required specificity; and supplement her responses to Interrogatory Nos. 3, 4, 5, 6, 7, 12, 15, 20 and Requests for Production 1, 10, and 18.  Counsel advised that Carol Gardina would stand on her objections to Interrogatory No. 16 and Requests for Production 4 and 5.

6.    Counsel for Defendants acknowledged that he had not reviewed the portion of Plaintiff's deficiency letter regarding George Gardina's discovery responses, but agreed to provide supplemental and amended responses aligned with what counsel agreed to amend and/or supplement for Carol Gardina.

7.    To date, Plaintiff has not received the amended or supplemented responses to written discovery or any additional documents from either Defendant despite requests for Defendants to do so.

8.    Plaintiff respectfully submits that, as explained in further in its deficiency letter attached as Exhibit I, (i) it is entitled to amended and/or

supplemented discovery responses, as promised at the Parties' October 25, 2024 meet and confer; (ii) Plaintiff has asserted claims for punitive damages in this action and is entitled to discovery regarding Defendants' financial condition, *see, e.g.*, *Transamerica Life Ins. Co. v. White et al.*, 2024 WL 1494344, at *1 (M.D. Fla. Mar. 13, 2024) and *Soliday v. 7-Eleven, Inc.*, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010); and (iii) Defendants' boilerplate objections are an insufficient, improper basis for Defendants to fail to substantively respond to Plaintiff's requests and/or withhold documents, *see, e.g.*, *Warren v. Credit Pros Int'l Corp.*, 2021 WL 3552254, at *6 (M.D. Fla. Apr. 26, 2021); Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (2021) at Section I.C.4.

9.    The Court's intervention is necessary to ensure that Plaintiff receives the discovery to which it is entitled and is needed to prosecute its case and that Defendants comply with their discovery obligations.

## Local Rule 3.01(g) Certification

The undersigned certifies that pro hac vice counsel Jessica Gallagher conferred with counsel for Defendants on October 25, 2024 via telephone, and has attempted to reach him via no less than ten emails, phone calls, and voicemails in December 2024 and January 2025, none of which were substantively returned until January 8, 2025, when counsel declined to produce any additional materials at this time or to set a time to meet and confer further in light of how "busy [he is] on the

Prudential matter."  A related case, *The Prudential Insurance Company of America v. Gardina*, 6:23-cv-001125 (M.D. Fla.), is currently scheduled for trial in February 2025.

### <u>Word Limit Certification</u>

Pursuant to the Order on Discovery Motions (ECF 19), the undersigned certifies that the Motion does not exceed 500 words, exclusive of caption, signature block, and certifications.

Dated:   January 9, 2025                  Respectfully submitted,


FAEGRE DRINKER BIDDLE & REATH LLP
/s/ *Traci T. McKee*
Traci T. McKee, Fla. Bar No. 53088, Lead Counsel
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: 239-286-6900
Fax: 239-244-9053
traci.mckee@faegredrinker.com

Stephen A. Serfass (*pro hac vice*)
Jessica L. Gallagher (*pro hac vice*)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: 215-988-2700
Fax: 215-988-2757
stephen.serfass@faegredrinker.com
jessica.gallagher@faegredrinker.com

Jamie M. Campisi (*pro hac vice*)
600 Campus Drive
Florham Park, New Jersey 07932

- 4 -

Tel: 973-549-7134
Fax: 973-360-9831
jamie.campisi@faegredrinker.com

*Counsel for Plaintiff Continental General Ins. Co.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all counsel of record via ECF on January 9, 2025.

*/s/ Traci T. McKee*
*Attorney for Plaintiff Continental*
*General Insurance Company*

- 5 -