**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CONTINENTAL GENERAL
INSURANCE CO.,**

      **Plaintiff,**

v.                                                         Case No: 6:23-cv-2149-PGB-DCI

**CAROL GARDINA and GEORGE
GARDINA,**

      **Defendants.**

___

**ORDER**

Pending before the Court is Plaintiff's Short-Form Discovery Motion. Doc. 47 (the Motion). Plaintiff contends that Defendants' counsel agreed that Defendant Carol Gardina would amend her responses to Interrogatory Nos. 2, 8, 9, 17, 21 and Request for Production Nos. 2, 3, 11, and 17, and supplement her responses to Interrogatory Nos. 3, 4, 5, 6, 7, 12, 15, and 20 and Request for Production Nos. 1, 10, and 18. *Id*. at 2. With respect to discovery directed to Defendant George Gardina, Plaintiff also represents that Defendants' counsel "agreed to provide supplemental and amended responses aligned with what counsel agreed and/or supplement for Carol Gardina." *Id*. Plaintiff complains that Defendant has not produced the amended or supplemental responses. *Id*. Plaintiff adds that Defendants' counsel advised that Defendant Carol Gardina "would stand on her objections to Interrogatory No. 16 and Requests for Production 4 and 5." *Id*.

Upon due consideration, Plaintiff's Motion is due to be granted but only in part. With respect to Interrogatories Nos. 2, 6, 7, 17, 20 and 21 and Request for Production Nos. 1, 2, 3, 10, and 18 directed at both Defendants, Defendants' counsel responds that Defendants agree to

supplement this discovery on or before January 24, 2025. Doc. 50 at 2. As such, the request to compel is moot as to these eleven discovery requests.[1]

Despite the Defendants' forthcoming discovery amendments and supplements, Defendants specify in a footnote that Defendant Carol Gardina "neither agreed to supplement her interrogatory responses to No.'s 3, 4,5,12 or 15 nor her response to request to produce No.'s 1-3." Doc. 50 at 2, n.1. Defendants also discuss their general objection related to Plaintiff's request for punitive damages discovery. *Id*. at 2 to 3. Defendants do not, however, mention Interrogatory No. 8 or Request for Production Nos. 11 and 17 and they do not appear to relate to the punitive request issue. *See id*.[2] Accordingly, the Court deems them unopposed. *See* Local Rule 3.01(c).

Also, even if not unopposed, Defendants' objections to Interrogatory No. 8 and Request for Production No. 17 (Docs. 47-5 at 5; 47-6 at 6; 47-7 at 5; 47-8 at 6) are entirely boilerplate and are, therefore, deemed waived. *See Asphalt Paving Sys., Inc. v. General Combustion Corp.*, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections.") (citation omitted); *see also* Middle District Discovery (2021) at Section III.A.6 ("Boilerplate objections such as 'the request is overly broad, unduly burdensome,

---

[1] The Court notes that there appears to be some dispute or misunderstanding regarding Plaintiff's counsel's attempts to contact Defendants' counsel to conduct a meeting pursuant to 3.01(g) and what the parties agreed should transpire regarding the remaining issues after the October 25, 2024 conferral. *See* Docs. 47 at 3; 50 at 1 to 2. In any event, a meet and conferral conducted in good faith to resolve this dispute apparently would have relieved the need for some Court intervention. The parties are reminded to comply with Local Rule 3.01(g) including the requirement of avoiding an exchange of ultimatums. *See* Doc. 49 at 6 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely "attempt" to confer have not 'conferred.'") (emphasis in original).

[2] Interrogatory No. 8 relates to Defendants' residence and Request for Production Nos. 11 and 17 relate to Defendants' passports and other pleadings and complaints. Docs. 42-1 at 12; 42-7 at 11, 14 to 15; 47-7 at 5; 47-8 at 5, 6.

and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."). Accordingly, the Motion with respect to this discovery is due to be granted.

That leaves Interrogatory Nos. 3, 4, 5, 9, 12, and 15 directed at both Defendants and Interrogatory No. 16 and Requests for Production Nos. 4 and 5 directed at Defendant Carol Gardina.[3] With respect to Defendant George Gardina, Plaintiff states that counsel agreed to supplement or amend responses "aligned with what counsel agreed to amend and/or supplement for Carol Gardina," which gives the impression that the discovery requests themselves align. However, a review of the attached documents reflects that Defendants Carol and George Gardina were served with different requests. Even so, some of the requests can be dealt with together.

The Court agrees with Plaintiff that Defendant George Gardina's responses to Interrogatory Nos. 3 and 4 and Defendant Carol Gardina's response to Interrogatory No. 9 are boilerplate responses and, therefore, deemed waived. *See Asphalt Paving*, 2016 WL 3167712, at *2 ("The Court does not consider frivolous, conclusory, general, or boilerplate objections."). As such, the Court will compel responses to these requests.

Further, Defendant Carol Gardina provides responses to Interrogatory Nos. 4 and 5 but prefaces the answer with the following objection: "As to dates of treatment, Defendant objects on the basis that this request is overly burdensome and harassing." Again, the objections are boilerplate in nature and are without merit. To the extent Defendant Carol Gardina withheld

---

[3] Plaintiff does not clearly state that it seeks to compel Defendant Carol Gardina's responses to Interrogatory No. 16 and Request for Production Nos. 4 and 5. The Court will, however, assume Plaintiff's reference to Defendant Carol Gardina's decision to "stand on" her objections is Plaintiff's attempt to include those requests. Plaintiff expressly raises the issue of entitlement to financial discovery as it relates to the punitive damages issues and the requests seem to fall within that category. *See* Docs. 47-1 at 15; 47-6 at 3 to 4.

information responsive to Interrogatory Nos. 4 and 5 based on these objections, the Court agrees that Plaintiff is entitled to relief.

But, to the extent Plaintiff moves to compel Defendant George Gardina to produce or amend/supplement responses as to Interrogatory Nos. 5, 9, 12, and 15, and Defendant Carol Gardina to amend/supplement responses to Interrogatory Nos. 3, 12, and 15, Defendants responded to those requests without objection. Docs. 47-5 at 3, 6, and 7 to 8; 47-7 at 4, 5, 12, 6 to 7. So, the Court cannot ascertain what needs to be compelled.[4] Accordingly, the Motion as to these requests is denied.

Finally, as to the remaining requests that relate to punitive damages—Interrogatory Nos. 16 and Requests for Production Nos. 4 and 5 directed to Defendant Carol Gardina—the Court finds that Plaintiff is entitle to relief. Defendant Carol Gardina argues in her Response that Plaintiff's requests for financial information related to punitive damages is premature. Doc. 50 at 2. Specifically, Defendant Carol Gardina contends that Plaintiff is not entitled to relief because it failed to first show a reasonable basis in the evidence for an award of punitive damages. *Id*. at 2 to 3.

Florida Statutes section 768.72(1) provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . .. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

---

[4] It appears that there is a dispute between the parties as to which requests Defendants said would be amended or supplement. *See* Doc. 50 at 2, n.1. To the extent Plaintiff seeks relief from the Court simply because Defendants have not agreed to amend or supplement, that is not a basis to compel discovery.

"Regarding the discovery component of Fla. Stat. § 768.72, in *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001), the Eleventh Circuit left open whether [] it applies to financial worth discovery as to punitive damages claims in diversity cases, and Middle District of Florida courts have divided on the issue." *Proccor Pharms., Inc. v. World Health Prods., LLC*, 2023 WL 9945535, at 9945535, at *3 (M.D. Fla. Nov. 8, 2023) (citing *A.M. by and through Malcolm v. Bayfront HMA Med. Ctr.*, 2022 WL 17417011, at *2-3 (M.D. Fla. Dec. 5, 2022) (collecting cases)).

The Court need not decide the issue that divides the courts today because Defendant Carol Gardnia did not properly raise an objection regarding Plaintiff's failure to produce evidence pursuant to the Florida statute, as she did not argue prematurity until she filed the Response to the Motion. Her position regarding prematurity is simply not stated as an objection in the discovery response. Thus, Defendant Carol Gardnia's latest opposition on this basis is waived.[5] *See*

---

[5] Plaintiff's relevant discovery requests and Defendant Carol Gardnia's responses are as follows:

> **INTERROGATORY NO. 16**: IDENTIFY ALL FINANCIAL INSTITUTIONS in which YOU maintain an account, regardless of whether the account is maintained by YOU individually OR jointly with ANY other PERSON.
> **RESPONSE**: Defendant objects as overbroad, unduly burdensome, harassing and irrelevant. Also, an invasion of the constitutional right to privacy of financial information.

Doc. 47-5 at 8.

> **REQUEST NO. 4**: ALL of YOUR tax returns (whether submitted individually OR jointly) submitted to the governments of the United States OR Canada, from January 1, 2002 to the present.
> **RESPONSE**: Defendant objects as this request is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Also, an invasion of the constitutional right of privacy for financial information.
>
> **REQUEST NO. 5**: ALL tax DOCUMENTS received by YOU reflecting income received by YOU for tax reporting purposes (such as a W-2, 1099, T4, K-1, OR

*Lorenzano v. Sys. Inc.*, 2018 WL 3827635, at *3 (M.D. Fla. Jan. 24, 2018) (finding that to the extent the party attempted to raise specific objections for the first time in a response to a motion to compel, the objections were waived) (citing *Moss v. GEICO Indem. Co.*, 2012 WL 682450, at *3 (M.D. Fla. Mar. 2, 2012)).  What she did assert, at least in part, however, were more boilerplate objections regarding breadth, relevancy, and burden.  Docs. 47-5 at 8; 47-6 at 3 to 4.  Again, these objections do not serve as appropriate responses to discovery.

As to her remaining objection based on a "constitutional right to privacy"—the only part of the response that the Court finds is not boilerplate or otherwise waived—the "[f]inancial net worth discovery. . . is relevant to a claim for punitive damages[.]" *Lynch v. Rose Radiography Centers, Inc.*, 2022 WL 1015815, at *2 (M.D. Fla. Apr. 5, 2022).  A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed.R.Civ.P. 26(b)(1).  "A defendant's wealth is a factor for consideration in determining the reasonableness for an award of punitive damages." *Lynch*, 2022 WL 1015815, at *2 (citing *Myers v. Central Fla. Investments, Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010); *see also Alexander v. Allen, et. al*, 2014 WL 3887490, at *2 (M.D. Fla. Aug, 7, 2014) (finding that financial net worth discovery is relevant to a claim for punitive damages even if the scope of such discovery is within the discretion of the court) (citing *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997)).  Accordingly, prematurity aside because it was

---

> other similar tax DOCUMENTS reporting income received by YOU), from January 1, 2002 to the present.
> **RESPONSE**: Defendant objects as this request is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Also, an invasion of the constitutional right of privacy for financial information.

Doc. 47-6 at 3 to 4.

not properly raised, the Court is not persuaded that Defendant Carol Gardina is entitled to withhold the requested information on this basis alone.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 47) is **GRANTED in part** to the extent that **on or before February 14, 2025**:

    a. Defendant Carol Gardina shall respond to Interrogatory Nos. 4, 5, 8, 9, and 16, and shall produce documents responsive to Request for Production Nos. 4, 5, 11, and 17; and

    b. Defendant George Gardina shall respond to Interrogatory Nos. 3, 4, and 8, and shall produce documents responsive to Request for Production Nos. 11, and 17;

2. the remainder of the Motion (Doc. 47) is **DENIED**; and

3. the Court finds that payment of reasonable expenses, including attorney fees, incurred in making the Motion is not necessary pursuant to Rule 37(a)(5)(C).

**ORDERED** in Orlando, Florida on January 23, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE